IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1216-04






Ex parte KRISTIN HOPE WHEELER, Applicant






ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SECOND COURT OF APPEALS


TARRANT COUNTY





 Keller, P.J., filed a concurring opinion.


 I join the Court's opinion to the extent that it holds that appellant fails the third prong of the
Peterson (1) test, because the habeas trial court was within its discretion to believe that the prosecutor
did not act intentionally or recklessly with respect to the mistrial. I disagree, however, with the
Court's conclusions regarding the first two prongs of the Peterson test. The prosecutor's conduct
was not manifestly improper and any alleged error was curable. 

 Peterson dictates that the impropriety be "manifest," and the manifest nature of the
impropriety is judged from an objective standpoint. (2) In this vein, we noted that when "the law itself
is unsettled or application of the law in the particular situation is debatable, the prosecutor's conduct
cannot be said to be manifestly improper." (3) 

 The Court acknowledges that there was no violation of Rule 411. (4) Rule 411 prohibits only
evidence of the fact of insurance and does not operate to prevent evidence of an insurance
investigation or the conclusions derived from such an investigation. (5) Appellant's possession of
liability insurance had already been revealed to the jury, without objection, and in fact, that
information is not likely to have made any particular impression on the jurors because automobile
liability insurance is required by law.

 There are also at least some good arguments for admitting, under the hearsay rule, the
evidence sought by the disputed question. The insurance company's admission of fault appears to
be a statement against interest. (6) Even if it were not, this type of evidence appears to be admissible
- as the Court suggests - to impeach the defendant's expert witness. (7) 

 The Court says that the State's question was a violation of Rule 403 (8) because it was unfairly
prejudicial. Most commonly, an unfair prejudice claim flows from the admission of evidence for
a limited purpose under some other evidentiary rule, such as Rule 404(b), (9) and the question is
whether the probative value of the evidence to show a limited purpose (e.g. motive) outweighs the
prejudice flowing from the improper purpose the other rule of evidence is designed to protect against
(e.g. character conformity). (10) But the Court does not claim that appellant suffered any prejudice
emanating from Rule 411, Rule 801 (hearsay), or any other rule. Rather, the Court reaches a
generalized "unfair prejudice" conclusion without citing any Texas cases for support. I cannot agree
that the prosecutor's conduct, under those circumstances, can accurately be characterized as
manifestly improper. 

 The Court claims that an insurance carrier might have any number of reasons to admit fault,
but that is difficult to imagine. Insurance companies rarely ever admit fault, even when they settle. 
Moreover, it is not clear from the record where and how this admission of fault was made. The
"admission of fault" may simply be the conclusion made by the insurance company adjustor at the
end of his investigation. It was the defendant's burden to show otherwise at the habeas hearing, and
he did not attempt to do so.

 Finally, any error associated with the question could have been cured by requiring the State
to bring the insurance witnesses into court to testify, as the State claimed it was ready to do. Any
admission of fault abstractly made by the insurance company (if such were even the case) could then
be placed in its proper context. The investigator's association with the defendant's insurance
company would be a fact relevant to assessing the credibility of his testimony and of the
investigation in general.


Date filed: October 4, 2006

Publish
1. 117 S.W.3d 804 (Tex. Crim. App. 2003).
2. Id. at 816 n. 55.
3. Id.
4. Rule 411 provides:


Evidence that a person was or was not insured against liability is not admissible
upon the issue of whether the person acted negligently or otherwise wrongfully. 
This rule does not require the exclusion of evidence of insurance against liability
when offered for another issue, such as proof of agency, ownership or control, if
disputed, or bias or prejudice of a witness.
5. See Advisory Committee's Note, Fed. R. Evid. 411; Stephen A. Saltzburg, Daniel J.
Capra, and Michael H. Martin, Commentary, Fed. R. Evid. 411 (U.S.C.S.). 
6. A statement against interest includes, among other things, a "statement which was at
the time of its making so far contrary to the declarant's pecuniary . . . interest, or so far tended to
subject the declarant to civil . . . liability, . . . that a reasonable person in declarant's position
would not have made the statement unless believing it to be true." Tex. R. Evid. 803(24).
7. Ramirez v. State, 815 S.W.2d 636, 651 (Tex. Crim. App. 1991)(learned treatise not
relied upon by expert witness may be admissible "to demonstrate any deficiency in the expert's
knowledge and to help the jury determine the weight to be given the testimony"); Michael H.
Graham, Evidence: Text, Rules, Illustrations, Problems, Revised 2nd Ed., 274-275 (1989)
"facts, data, or opinions" not relied upon by expert witness may be admissible to test
"qualifications, knowledge, fairness, and basis of the expert's opinion"). See also Moranza v.
State, 913 S.W.2d 718, 726-727 (Tex. App.-Waco 1995, pet. ref'd)(expert witness that relied
upon a report properly impeached with missing portion that was not relied upon).
8. Rule 403 provides:


Although relevant, evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation
of cumulative evidence.
9. Rule 404(b) provides in relevant part :


Evidence of other crimes, wrongs or acts is not admissible to prove the character
of a person in order to show action in conformity therewith. It may, however, be
admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. . . 
10. See, for example, Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1991).